Requestor: Raymond G. Icobelli, Esq., Deputy Town Attorney Town of Orangetown Town Hall Orangeburg, N.Y. 10962
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have explained that the town board has made appointments to the board of the town's public housing authority. Subsequently, it was discovered that the town may have violated section 30(4) of the Public Housing Law in that three of the appointees to the housing authority were employees of the town. You have asked whether the second and third appointments were void at their inception or whether these members must be removed for cause after a public hearing.
Section 30(4) of the Public Housing Law provides:
 "Not more than one member of an authority may be an official or an employee of the municipality at any one time. In the event that an official or an employee of the municipality shall be appointed as a member of the authority, acceptance or retention of such appointment shall not be deemed a forfeiture of his municipal office or employment, or incompatible therewith or affect his tenure or compensation in any way. The term of office of a member of an authority who is an official of the municipality shall terminate at the expiration of the term of his municipal office." Public Housing Law § 30(4).
The Public Housing Law permits one member of a housing authority to be an employee or officer of the municipality. The statute only authorizes the appointment of one current officer or employee who serves on the authority during the term of his municipal position. It seems apparent that the Legislature intended that a municipality be permitted one official representative on the board of the housing authority.
It follows that the town was only authorized to appoint one officer or employee of the town to the board of the housing authority. The second and third appointments were unauthorized and, therefore, were void at their inception. Those appointments were a nullity.
We note that any prior acts of the second and third appointees as members of the authority are valid in that they were considered to be de facto officers. 1986 Op Atty Gen (Inf) 96; 1977 Op Atty Gen (Inf) 226.
We conclude that a municipality may appoint not more than one of its officers or employees to the board of a public housing authority.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of the views of this office.